UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X
DERYCK THOMASSIAN,

                            *Plaintiff*      **MEMORANDUM AND ORDER**

  -against-                                  20-CV-4212(KAM)

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                            *Defendant.*

----------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

    Plaintiff Deryck Thomassian ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied disability benefits for Plaintiff and his three dependent children.[1] After Plaintiff filed a motion for judgment on the pleadings, the parties stipulated to remand the case to the SSA, where Plaintiff and his children subsequently were awarded $185,138 in past-due benefits.[2] Plaintiff's counsel, Christopher James Bowes, now requests attorney's fees in the amount of $46,239.50, or 25 percent of the total award of past due benefits,

---

[1] In accordance with Federal Rule of Civil Procedure 25(d), the defendant in the underlying social security action, Commissioner Kilolo Kijakazi, has been automatically substituted for the prior Acting Commissioner, Andrew M. Saul.

[2] The total past due benefits payable to Mr. Thomassian amounted to $111,373. (ECF No. 22 at 2.) Children C1 and C2 were each granted past due benefits of $27,282 and child C3 was granted past due benefits of $19,201. (*Id.*)

1

pursuant to 42 U.S.C. § 406(b).[3]  For the reasons below, the Court grants in part and denies in part Bowes's motion for attorney's fees.  Plaintiff's counsel is awarded $33,360.04.

## Background

After Plaintiff was denied benefits by the SSA on June 4, 2019, and denied review from the Appeals Council on July 6, 2020, Plaintiff retained Christopher James Bowes as counsel and filed the instant action on September 9, 2020.  (ECF No. 21 at 2.)  On July 6, 2021, Plaintiff filed a motion for judgment on the pleadings, and the parties later stipulated to remand the case to the SSA.  (ECF No. 12, 15.)  On January 24, 2022, this Court awarded Plaintiff $7,100 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (ECF No. 19.) The United States Treasury subsequently withheld $1,239.96 of the EAJA fees for satisfaction of Plaintiff's qualifying federal debt, and Bowes, as Plaintiff's attorney, received a deducted payment of $5,860.04. (ECF No. 21 at 3.)

On February 22, 2023, the SSA mailed Plaintiff a Notice of Award letter informing him that he and his children would receive approximately $185,138 in past-due benefits, with 25 percent ($46,239.50) withheld as possible attorney's fees under § 406(b). (*Id.* at 4.)  On March 9, 2023, Bowes filed a motion for attorney's

---

[3] Bowes does not request costs, only attorney's fees.

2

fees under § 406(b), requesting a net payment of $40,379.46, reflecting a deduction of the $5,860.04 he received in EAJA fees. (*Id.* at 10.) Along with his motion for attorney's fees, Bowes submits his fee agreement with Plaintiff, demonstrating that Plaintiff had retained Bowes on a 25 percent contingency fee basis. (*Id.* at 12.) Bowes also submits itemized time records, indicating that he spent a total of 34.9 hours litigating this matter before this Court. (*Id.* at 14.) Bowes's request amounts to an effective rate of $1,324.91 per hour (34.9 hours of work for $46,239.50).

## Legal Standard

Section 406(b) of the Social Security Act authorizes the Court to award a "reasonable fee," which may constitute up to "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of [a favorable] judgment." 42 U.S.C. § 406(b)(1)(A). Courts consider the following factors in determining whether the requested fee is reasonable: (a) the character of the representation and the results achieved; (b) whether counsel was responsible for undue delay, such as a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits; (c) whether there was fraud or overreaching in the making of the contingency agreement; and (d) whether the requested amount is so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney. *See Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

Regarding a potential windfall, courts must consider "more than the *de facto* hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854.  Specifically, courts should also consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; (2) "the nature and length of the professional relationship with the claimant— including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."  *Id.* at 854-55.

## Discussion

Here, Bowes seeks the full 25 percent of Plaintiff's past-due benefits, as allowed by § 406(b)(1)(A) and by the contingency fee agreement, and minus his EAJA award, in the amount of $40,379.46.  (ECF No. 21 at 4, 12.)  Regarding the reasonableness of his requested fee, the Court first considers that Bowe's briefing was effective: the Commissioner agreed to a remand and Plaintiff eventually received an award of past-due and future benefits.  Additionally, there are no allegations of fraud or overreaching with respect to the retainer agreement.  Further, the Court notes that Bowes filed two motions to extend, delaying the

4

proceedings by 39 days. (ECF Nos. 10, 11.) This, however, was not an unreasonable delay, particularly given the parties' timely joint motion for remand.

Finally, at 34.9 hours of work, Bowes's fee request amounts to an effective hourly rate of $1,324.91. The Court finds that amount to be unreasonable. Specifically, the Court finds that several of the "windfall" factors outlined in *Fields* require a downward adjustment of Bowes's requested fees.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," the Court finds that 34.9 hours was a reasonable amount of time to spend on this case for a lawyer with counsel's experience. When assessing the efficiency of plaintiff's counsel in *Fields*, the Second Circuit found that 25.8 hours spent reviewing a transcript, drafting a brief, and obtaining a stipulation of dismissal demonstrated efficiency. *Fields*, 24 F.4th at 854 (noting that "other lawyers might reasonably have taken twice as much time" to do the same work). Here, although Bowes expended more hours than the attorneys in *Fields*, Plaintiff's counsel and his briefing persuaded the Commissioner to consent to remand prior to the Court's consideration of the parties' briefing,[4] which is evidence of

---

[4] Due to this Court's "bundling rule," Plaintiff's counsel served his completed brief on the Commissioner prior to filing the brief on the public docket. (ECF No. 12.) Based on the bundling rule, this Court generally does not review the parties' motion papers until after briefing is complete, at which time the parties upload *all* briefing to the docket. Here, Plaintiff's motion papers

5

efficient legal work. Moreover, like the attorneys in *Fields*, Bowes is an experienced lawyer who specializes in Social Security disability cases.[5] Therefore, this factor does not justify a downward adjustment.

Second, with respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," the Court notes that Bowes did not represent Plaintiff until the instant action. (ECF No. 21 at 2.) In *Fields*, the plaintiff's counsel represented the plaintiff through the entirety of agency proceedings, including four separate hearing and multiple agency appeals. *See Fields*, 24 F.4th at 855 (finding that the length of the relationship distinguished the case from others in which a windfall was found). Here, Bowes did not have the type of attorney-client relationship built over multiple rounds of representation that the Second Circuit highlighted in *Fields*. Accordingly, this factor justifies a downward adjustment.

Third, with respect to "the satisfaction of the disabled claimant," the Court finds that Bowes achieved a desirable result

---

were sufficiently compelling to prompt the SSA to agree to a remand prior to the completion of briefing, thereby forestalling the Court's consideration of the parties' briefing.

[5] Bowes has "over twenty-five years' experience litigating Social Security cases at the administrative level and in federal court" and has served as counsel in "over 1,000 civil actions in district court challenging the final determination of the [SSA] with respect to disability and non-disability determinations." (ECF No. 21 at 8.)

for Plaintiff.  Although there is no submission from Plaintiff supporting or opposing Bowe's request for fees, Plaintiff received a very favorable result from this action; he was awarded benefits for the entirety of his alleged disability period, for himself and for his children.  (ECF No. 21 at 23-30.)  Thus, this factor does not justify a downward adjustment.

Finally, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court notes that this case was not as uncertain as in *Fields*, where the plaintiff's benefits had been denied a second time, after the first remand by the district court. *Fields*, 24 F.4th at 850.  Here, Plaintiff's counsel was not required to employ extra efforts to achieve a remand and award of benefits, as the parties stipulated to remand prior to the Court's consideration of the parties' briefing, making this case less uncertain.  *Id.* at 856 ("A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery.").  While a favorable result was by no means certain in this case, the action did not require multiple rounds of representation, and resulted in a near immediate favorable ruling that produced a beneficial outcome for Plaintiff.  This consideration thus justifies a downward adjustment.

Based on an analysis of the factors above, the Court finds the requested attorney's fees to be unreasonable, and reduces the fee amount to $33,360.04, which — minus the $5,860.04 in EAJA fees — results in a fee amount of $27,500 and a *de facto* hourly rate of $787.97. Upon receiving the § 406(b) award, Bowes must remit the $5,860.04 received pursuant to the EAJA to Plaintiff. *See Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

## CONCLUSION

Accordingly, the Court approves an award of fees in the amount of $33,360.04 pursuant to 42 U.S.C. § 406(b), to be paid by the Commissioner out of the proceeds awarded to Plaintiff as past due benefits. Counsel shall refund the EAJA award of $5,860.04 to Plaintiff.

**SO ORDERED**
Dated:  July 24, 2023
        Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

8